Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 85 | Date | 5-30-00 |
| Case Title | Chrysler Realty v Thomas Industries | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]

(2) ☐ Brief in support of motion due _____

(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____

(4) ☐ ☐ Ruling/Hearing on _____ set for _____ at _____

(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____

(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____

(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____

(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☑ [Other docket entry] Memorandum opinion and order entered. Defendants' motion to dismiss counts II and III is granted.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | | | number of notices | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| ☑ | Notices mailed by judge's staff. | | JUN 01 2000 | date docketed | Document # |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing dpty. initials | 21 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate Judge. | | 5/30/00 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRYSLER REALTY CORPORATION, a )
corporation, )
                                               )
          Plaintiff, )
                                               )    No.    00 C 0085
   v. )
                                               )    Judge Robert W. Gettleman
THOMAS INDUSTRIES, INC., a corporation, )
TELEDYNE INDUSTRIES, INC., a corporation, )
TELEDYNE TECHNOLOGIES, )
INCORPORATED, a corporation, )
                                               )
          Defendants. )

DOCKET

JUN 0 1 2000

ENTERED

JUN · · 2000

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Chrysler Realty Corporation has brought a three count complaint against

defendants Thomas Industries, Inc. ("Thomas"), Teledyne Industries, Inc. and Teledyne

Technologies, Incorporated ( together, "Teledyne") alleging violations of the Federal Resource

Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6901 et seq. (Count I), and two

provisions of the Illinois Environmental Protection Act ("IEPA"), 415 ILCS 5/57 et seq. (the

underground storage tank program) and 415 ILCS 5/21(e). Defendant Thomas has moved to

dismiss the state law counts, asserting that: 1) there is no private right of action under the IEPA;

and 2) even if there is, the IEPA cannot be applied to events that occurred prior to its 1970

effective date. Teledyne has joined Thomas' motion, arguing that there is no private right of

action and that even if there is, plaintiff must exhaust remedies before the Illinois Pollution

Control Board ("PCB") prior to bringing suit. For the reasons set forth below, defendants' motion is granted.

## Facts

Plaintiff is in the business of owning property for lease to auto dealerships. It owns property located at 622 East N. W. Highway, Des Plaines, Illinois (the "property"). Until the late 1950s, the property was owned by Benjamin Electric Manufacturing Company ("Benjamin"). In the late 1950s, Thomas acquired Benjamin, took title to the property, and continued to operate a lighting manufacturing facility on the property. In 1964, defendant transferred all of its interests in the property to Frederick Post Co. Thomas sold the property with all buildings, manufacturing structures, power houses and associated facilities in tact and operational. In 1970, Frederick Post merged into Teledyne.

Since the sale, the property has been subdivided and changed hands several times. Plaintiff acquired a portion of the property in 1965 and the remainder in 1971. Plaintiff built an auto dealership on the property in the late 1960s, and leased the property to the operator of the dealership for approximately 30 years. In 1996, plaintiff began to attempt to sell the property. To prepare for the sale, plaintiff retained Dames & Moore to conduct an environmental site assessment, which revealed a 200,000 gallon underground storage tank ("UST") on parcel one; soil and ground water contamination surrounding the tank, and soil contamination throughout parcel two. Plaintiff alleges that it is unable to sell the property for its fair market value due to the contamination. It has given notice to both defendants of the release from the tank. Neither defendant has taken any corrective action.

## Discussion

In Count II, plaintiff alleges that either Thomas or Teledyne is the owner of the underground storage tank pursuant to 415 ILCS 5/57.2, and has violated the UST Program by failing to take corrective action after being notified of the release. Plaintiff requests an award of the costs it has incurred and will incur to abate the contamination. In Count III, plaintiff alleges that defendants have abandoned fuel oil in the UST in violation of 415 ILCS 5/21(e). Again, as relief plaintiff seeks an award of the costs it has incurred and will incur to abate the contamination. Defendants challenge both Counts, arguing that: 1) there is no private right of action under the IEPA; 2) even if there is a private right of action, the action must be brought before the Illinois PCB and, therefore, plaintiff has failed to exhaust its administrative remedies; and 3) application of the IEPA to Thomas, who sold the property well before the effective date of the Act, violates Thomas' due process right. Because the court agrees that there is no private right of action under the IEPA, it need not address the second and third issues.

It is clear from the statutory scheme, and the parties agree, that the IEPA contains no express private right of action to bring the claims that plaintiff asserts in Counts II and III. Enforcement of the statute has been left to the Attorney General or State's Attorney. See 415 ILCS 5/31.[1] Because there is no express right, plaintiff can maintain its claims in Counts II and III only if it can establish an implied right of action under the statute. This is not any easy task in

---

[1]Section 5/31(d) does provide that any person may file a complaint with the Illinois Pollution Control Board against any person violating the Act. The complaint must meet the requirements of subsection (c), which pertains to alleged violations that remain the subject of disagreement between the Illinois Environmental Protection Agency and the person complained against.

light of recent Illinois Supreme Court precedent which, although purporting to apply long established principles of Illinois law, suggest that "[f]or all practical purposes implied rights of action have been abolished in Illinois." Fisher v. Lexington Health Care, Inc., 188 Ill.2d 455, 469 (1999) (Harrison, J. dissenting).

As an initial matter, because Counts II and III are brought pursuant to this court's supplemental jurisdiction under 28 U.S.C. § 1367, Illinois law supplies the rule of decision. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (citing Erie RR. Co. v. Tompkins, 304 U.S. 64 (1938), for the proposition that federal courts are bound to apply state law when exercising pendant jurisdiction). Under Erie, this court must apply the law of the state, as established by the state's highest court or a state statute. When, as in this case, the state's highest court has not addressed an issue, the federal court should generally apply the law as interpreted by the state appellate courts. When the appellate courts are in conflict over the interpretation of a state statute, Erie requires the federal court to predict how the state supreme court would decide and hold accordingly. See White v. U.S., 680 F.2d 1156, 1161 (7th Cir. 1982).

The Illinois Supreme Court has not yet addressed the issue of whether there is an implied private right of action under the IEPA. There is, however, one Illinois appellate opinion directly on point. In NBD Bank v. Krueger Ringier, Inc., 292 Ill.App.3d 691 (1st Dist. 1997), the plaintiffs brought an action to recover their costs incurred in investigating, cleaning, removing, and restoring petroleum contaminated soil on a parcel of land purchased from the defendant. The trial court dismissed the complaint, holding that the tort-based recovery sought by the plaintiffs was barred by the "economic loss doctrine" set forth in Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69 (1982). The plaintiff appealed, arguing that 1) Moorman was

inapplicable, and 2) liability should be imposed as a matter of public policy. After holding that

Moorman did apply, the appellate court addressed the public policy argument. It performed a

traditional private right of action inquiry, noting that such a right can be applied when: 1) the

alleged violation of the statute contravenes public policy; 2) the plaintiff is a member of the class

the statute is designed to protect; 3) the injury is one the statute was designed to prevent; 4) the

need for civil actions under the statute is clear; and 5) there is no indication that the remedies

articulated in the statute are the only remedies available. NBD Bank, 292 Ill.App.3d at 697

(citing Sawyer Realty Group, Inc. v. Jarvis Corporation, 89 Ill.2d 379 (1982)). In analyzing these

criteria, the NBD court (292 Ill.App.3d at 697) stated:

> It is readily apparent that the tort claim which plaintiffs seek to pursue fails to
> satisfy several of these criteria. The Illinois Environmental Protection Act and
> companion regulations were not designed to protect the purchasers of real estate
> who discover after the conveyance that remedial action is necessary to remove
> contamination from the property, nor was the Act designed to protect against
> economic losses resulting from the obligation to remove contaminants. In
> addition, there is no clear need for civil actions under the statute; the existing
> legislative scheme which provides for prosecution by the State of Illinois and
> allows contribution claims against third-party violators more than adequately
> serves the purpose of the statute, which is to protect the environment and
> minimize environmental change. (citations omitted)

Under Erie, this court is generally compelled to follow state appellate judgments. "Where

an intermediate appellate state court rests its considered judgment upon the rule of law which it

announces, that is a datum for ascertaining state law which is not to be disregarded by a federal

court unless it is convinced by other persuasive data that the highest court of the state would

decide otherwise." West v. American Telephone and Telegraph, 311 U.S. 223, 237 (1940). This

is particularly true where, as in the instant case, the highest court has refused to review the lower

court's decision. Id.

In light of the fact that <u>NBD Bank</u> is the only Illinois appellate court to address this issue, and that the Illinois Supreme Court refused the review the decision, this court is bound to follow the holding that there is no private right of action under the IEPA.

Moreover, even if this court were not bound by <u>NBD Bank</u>, but instead must predict how the Illinois Supreme Court would rule on the issue, the court would reach the same result. As noted earlier, recent Illinois Supreme Court precedent makes it difficult to establish an implied right of action. For example, in <u>Fisher v. Lexington Health Care Inc.</u>, 188 Ill.2d 455 (1999), the court held that there is no private right of action under § 3-608 of the Nursing Home Care Act, 210 ILCS 45-3-608. In <u>Fisher</u>, the plaintiffs, licenced practical nurses who worked for the defendant nursing home facility, had refused to obey their employer's instruction to falsify reports concerning the accidental (and likely negligent) death of an elderly patient to indicate death by natural causes. Because the plaintiffs would not prepare a false report, the supervisor prepared the incident report and then told the family that the patient's death appeared to be the result of natural causes. The patient's family filed a complaint with the Illinois Department of Public Health against the defendant nursing home, alleging violations of the Nursing Home Care Act. The plaintiffs provided statements to the department investigators as well as the police and coroner's office. After doing so, the plaintiffs allegedly began to be subjected to harassment by their supervisors. Ultimately, one plaintiff was fired and the other forced to resign. The plaintiffs sued under § 3-608 of the Nursing Home Care Act which specifically provided that "a [nursing home facility] licencee or its agents or employees shall not transfer, discharge, evict, harass, dismiss, or retaliate against a resident, a resident's representative, or employee or agent

6

who makes a report under § 2-107, brings or testifies in an action under § 3-601 through 3-607 or

files a complaint under § 3-702, because of the report, testimony or complaint."

Despite the language quoted above, the court, applying the same factors applied by the

NBD Bank court, concluded that § 3-608 does not imply a private right of action for nursing

home employees who are retaliated against by their employer. The court held that plaintiffs were

not members of the class which the Act was enacted to protect and that their injuries were not the

type the statute was designed to prevent. Additionally, the court held that implying a private

cause of action under the Act for retaliatory conduct is not necessary to provide an adequate

remedy for violations of the Act. Id at 460. In reaching its ultimate conclusion, the court noted

that it would imply a private right of action under a statute only in cases where the statute would

be ineffective as a practical matter, unless such an action were implied. Id. at 464 (citing Abbasi

v. Parskevoulakos, 187 Ill.2d 386, 395 (1999).

Based on Fisher, this court concludes that if faced with the question, the Illinois Supreme

Court, like the NBD Bank court, would conclude that the existing legislative scheme, which

provides for enforcement by the state as well as citizen's suits before the board, more than

adequately serves the purpose of the statute, and that the statute is not ineffective absent an

implied right of action.

Contrary to plaintiff's assertions, nothing in either People v. Fiorini, 143 Ill.2d 318

(1991); People v. Brockman, 143 Ill.2d 351 (1991); or People v. NL Industries, 152 Ill.2d 82

(1992), compels a different result. Read together, those cases stand for the proposition that a

private party may bring a third-party claim under a particular provision of the IEPA if the state

has sued that party under the same provision. Nothing in any of those cases suggests that the

Illinois Supreme Court would sanction a private right of action in the absence of state enforcement as envisioned by the Act.

Finally, this court recognizes that three courts in this district have upheld a private right of action under the Act. See Krempel v. Martin Oil, 1995 WL 733439 (N.D. Ill. Dec. 8, 1995); Midland Life Insurance Co. v. Regent Partners, 1996 WL 604038 (N.D. Ill. Oct. 17, 1996); and Singer v. Bulk Petroleum, 9 F. Supp. 2d 916 (N.D. Ill. 1998). One court has held the opposite. Browning-Ferris Industries v. Maat, 1996 WL 535539 (N.D. Ill. Sept. 19, 1996). None of those courts, however, had the benefit of both the NBD Bank decision and the Fisher decision. Based on those two decisions, this court concludes that there is no private right of action under the IEPA. Accordingly, defendants' motion to dismiss Counts II and III is granted.

## Conclusion

For the reasons set forth above, defendants' motion to dismiss Counts II and III is granted.

ENTER:    **May 30, 2000**

_____
Robert W. Gettleman
United States District Judge